FILED - USDC -NH
2026 MAY 5 PM 12:54

Page 1

Civil Action No.: _____

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

**Naseef Fernando Bryan** Plaintiff,

v.

**New Hampshire Supreme Court Clerk's Office** et al. Defendant.

# COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND COMPENSATORY RELIEF

## I. INTRODUCTION

This is a civil rights action under **42 U.S.C. § 1983** against the **New Hampshire Supreme Court Clerk's Office**, which knowingly obstructed Plaintiff's constitutional right to access the courts, interfered with the filing of an interlocutory appeal, and acted in concert with state prosecutors to continue a coercive criminal prosecution that violates the Double Jeopardy Clauses of the United States and New Hampshire Constitutions.[1]

The Clerk's Office had actual notice—through Plaintiff's filings, docket entries, and the documents attached to the interlocutory appeal—that the prosecution below was constitutionally defective and that Plaintiff sought emergency review. Instead of docketing, processing, or transmitting the appeal as required by Supreme Court Rules 4, 7, 8, and 9, the Clerk's Office **blocked, delayed, and refused** to perform mandatory ministerial duties.

---

[1] There can be no violation of the supreme law while the individual who committed that violation is simultaneously immune from the very law they disregarded—Jones v. Sec. & Exch. Comm'n, 298 U.S. 1, 24; Ellison v. Lesher, 796 F.3d 910, 914; Mitchell v. Forsyth, 472 U.S. 511, 520; Tindal v. Wesley, 167 U.S. 204, 216—218.

These actions were not clerical mistakes. They were **knowing acts** that deprived Plaintiff of a remedy, enabled continued prosecution, and placed Plaintiff at risk of unlawful conviction and incarceration.

# II. JURISDICTION AND VENUE

This Court has jurisdiction under Article III § 2; **28 U.S.C. §§ 1331 and 1343**, because Plaintiff asserts violations of the U.S. Constitution and federal civil rights laws. *Irvine v. Marshall, 61 U.S. 558, 564.*

Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in New Hampshire, and the Defendant is located in this District.

# III. PARTIES

**Plaintiff**, Naseef Fernando Bryan, is a resident of Manchester, New Hampshire and the criminal defendant in *State v. Bryan*, Merrimack Superior Court No. 217-2025-CR-1269.

**Defendant**, the **New Hampshire Supreme Court Clerk's Office and others**, is responsible for docketing, processing, and transmitting filings submitted to the New Hampshire Supreme Court. The Clerk's Office performs ministerial functions and is not entitled to judicial immunity for administrative misconduct, United *States v. Lee, 106 U.S. 196; Amy v. Desmoines Cnty. Sup'rs, 78 U.S. 136; 22 R.C.L., § 162.*

# IV. FACTUAL BACKGROUND

### A. Plaintiff Filed an Interlocutory Appeal Under Rules 4 and 8

On May 4, 2026, Plaintiff filed an **Initiating Document – Interlocutory Appeal** with the New Hampshire Supreme Court. *The filing summary confirms:* "Type: Initiating Document – Interlocutory appeal… RULE 8, INTERLOCUTORY APPEAL."

The appeal challenged the Superior Court's denial of Plaintiff's **Motion to Dismiss for Double Jeopardy**, which the court denied on May 4, 2026.

Plaintiff attached an Appendix including:

- Motion to Dismiss with Judge's Rulings
- State's Objection
- Notice of Jury Trial (showing imminent harm)
- Affidavit of Assets
- Motion to Waive Filing Fee

## B. The Clerk's Office Had Actual Notice of Constitutional Violations

Plaintiff's Motion to Dismiss demonstrated that the State had already prosecuted, convicted, and sentenced him for the same conduct arising from the June 18, 2024 incident. *The State's own objection admitted:* "The defendant was found guilty at the conclusion of a bench trial and he appealed his convictions."

Plaintiff's interlocutory appeal was therefore not discretionary—it was a **constitutional emergency** requiring immediate docketing and review, *State v. Luv Pharmacy, Inc., 118 N.H. 398, 405; State v. Miskell, 122 N.H. 842, 845.*

## C. The Clerk's Office Refused to Docket, Process, or Transmit the Appeal

Despite receiving the filing, the Clerk's Office: failed to docket the appeal; failed to assign a case number; failed to transmit the record; failed to act on the fee waiver; and failed to process the emergency request.

These failures were not neutral. They had the effect—and likely the purpose—of **preventing appellate review** of an unconstitutional prosecution.

## D. The Clerk's Office's Conduct Enabled Continued Coercive Prosecution

Because the Clerk's Office refused to process the appeal, the Superior Court's unlawful prosecution continued, including: a scheduled jury trial; ongoing criminal exposure; continued coercive pressure; and deprivation of liberty and property interests.

The Clerk's Office's obstruction directly caused Plaintiff to lose the protection of interlocutory review, which is the only remedy for a double-jeopardy violation.

# V. CLAIMS FOR RELIEF

## COUNT I – Denial of Access to Courts (42 U.S.C. § 1983)

Plaintiff incorporates all prior paragraphs.

The Clerk's Office had a **ministerial duty** to docket and process Plaintiff's interlocutory appeal.

By refusing to do so, the Clerk's Office **blocked Plaintiff's access to the only available remedy** for a constitutional violation. *California Motor Transport Co. v. Trucking Unlimited 404 U.S. 508*; *Martin v. Gingerbread House Inc. 977 F.2d 1405*; *N.H. Const. Pt. FIRST, Art. 14*. This constitutes a denial of access to courts under the First and Fourteenth Amendments.

## COUNT II – Procedural and Substantive Due Process Violations

Plaintiff incorporates all prior paragraphs.

The Clerk's Office's refusal to process the appeal deprived Plaintiff of: the right to be heard; the right to appellate review; the right to a remedy; and the right to be free from arbitrary state action. These actions shock the conscience and violate the Fourteenth Amendment.

## COUNT III – Conspiracy to Continue Coercive Prosecution (42 U.S.C. § 1983)

Plaintiff incorporates all prior paragraphs.

The Clerk's Office acted in concert with state prosecutors by: refusing to docket the appeal; enabling the State to proceed with a prosecution it knew was constitutionally barred; and withholding the appeal from judicial review. This constitutes a conspiracy to violate Plaintiff's constitutional rights. See https://x.com/naseef_bryan2/status/20514229303498058000?s=20; https://x.com/naseef_bryan2/status/2051412189018268074?s=20.

# VI. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

A. **Declare** that the Clerk's Office violated Plaintiff's constitutional rights.

B. **Order** the Clerk's Office to docket and process the interlocutory appeal.

C. **Enjoin** the State from continuing prosecution until appellate review is completed.

D. **Award compensatory damages** for emotional distress, lost liberty, and constitutional injury. E. **Award punitive damages** for knowing and reckless misconduct.

F. **Award costs and fees** under 42 U.S.C. § 1988.

G. Grant any other relief the Court deems just.

# VII. PRIORITY UNDER 28 U.S.C. § 1657

Plaintiff's claims qualify for priority treatment under **28 U.S.C. § 1657(a)** because they involve ongoing violations of constitutional rights and seek injunctive relief to prevent further irreparable harm. *Elrod v. Burns, 427 U.S. 347.*

Section 1657 requires federal courts to expedite actions that: involve **constitutional rights**, seek **injunctive or mandamus-type relief**, or present circumstances where **justice requires priority**.

This case satisfies all three.

First, Plaintiff alleges ongoing violations of the **First and Fourteenth Amendments,** including denial of access to courts, deprivation of due process, and obstruction of appellate review. These are core constitutional protections that Congress expressly intended § 1657 to prioritize.

Second, Plaintiff seeks **injunctive relief** to halt a coercive criminal prosecution that cannot constitutionally proceed while a double-jeopardy challenge is pending. Injunctive relief is the precise category of remedy that triggers § 1657 priority.

Third, the harm is **imminent and irreparable**. The Clerk's Office's refusal to docket Plaintiff's interlocutory appeal has allowed the State to continue a prosecution that is constitutionally barred. Without expedited federal review, Plaintiff faces unlawful trial, conviction, and loss of liberty. Because the constitutional injury is ongoing, the relief sought is time-sensitive, and the federal court is the only forum capable of providing a remedy, this action must be given **priority status** under § 1657.

# VIII. SIGNATURE

Respectfully submitted,

/s/ Naseef Fernando Bryan (without prejudice UCC 1-308—preserving any rights I possessed at the time of filing, in order to prevent any loss of such rights by application of the concepts of waiver or estoppel).

Date: 5/5/2026