**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

NASEEF FERNANDO BRYAN

       v.                                      Civil No. 26-cv-349-LM-AJ

NEW HAMPSHIRE SUPREME COURT
CLERK'S OFFICE ET AL.[1]

**REPORT AND RECOMMENDATION**

Before the court is Plaintiff Naseef Fernando Bryan's Complaint (Doc. No. 1) naming the New Hampshire Supreme Court ("NHSC") Clerk's Office, NHSC Clerk of Court Timothy Gudas, and other unnamed staff members in the NHSC Clerk's Office as Defendants. Plaintiff seeks damages, declaratory relief, and injunctive relief. In particular, he seeks an order directing Defendants to docket his pro se NHSC Rule 8 interlocutory appeal, arising from a pending state prosecution in which Bryan is the criminal defendant. In addition, Bryan seeks an order of this court to stop the State from prosecuting him, so that the NHSC may review his double jeopardy claims in that appeal. Bryan's claims in his Complaint (Doc. No. 1) are before this court for preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

PRELIMINARY REVIEW STANDARD

This court may dismiss claims asserted by a plaintiff proceeding in forma pauperis, if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2). To determine whether to dismiss claims for failure to state a claim, the court takes as true the factual content in the complaint and favorable inferences reasonably drawn from those facts, strips away

---

[1] Plaintiff names as Defendants: Timothy Gudas, Clerk of Court, New Hampshire Supreme Court ("NHSC"), the NHSC Clerk's Office, and other unnamed staff in the NHSC Clerk's Office.

legal conclusions, and considers whether plaintiff states a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Because Plaintiff is proceeding pro se, the court construes his complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

BACKGROUND

Bryan is the defendant in a pending criminal prosecution in Superior Court in Merrimack County, see State v. Bryan, No. 217-2025-CR-01269 (N.H. Super., Merrimack Cty., docketed Nov. 19, 2025) ("Traffic Stop Case"). The charges in that case arise from a June 18, 2024 traffic stop in Hooksett, New Hampshire. That Traffic Stop Case is a de novo proceeding in Superior Court following Bryan's exercise of his state statutory right to obtain a de novo jury trial on the same charges after a conviction in the N.H. Circuit Court, District Division. See generally N.H. Rev. Stat. Ann. 599 (providing for right of appeal to Superior Court for trial de novo for certain types of state district court misdemeanor convictions). Bryan is representing himself in the Traffic Stop Case, with stand-by counsel from the N.H. Public Defender's Office.

After the Traffic Stop Case was docketed in Superior Court, Bryan moved to dismiss that case, arguing that the retrial would violate his double jeopardy rights. The Superior Court denied that motion on May 4, 2026. See May 4, 2026 Order, Traffic Stop Case (Doc. No. 4-1, at 1).

Bryan responded to that May 4 Order by preparing an interlocutory appeal of that ruling for filing using the NHSC's electronic filing system. Bryan asserts here that his e-filing submission included a copy of his motion to waive the filing fee, his affidavit of assets, the May 4 Order denying his motion to dismiss, the pretrial schedule in that case, and the underlying briefs on his motion to dismiss.

2

Shortly after he submitted those materials electronically, on May 5, 2026, Bryan received an electronic notice that his submission had been rejected.  That rejection notice, reproduced as an attachment to the Complaint here, provides a list of "one or more" reasons why the submission was rejected and states that Bryan could refile his interlocutory appeal with the required documents:

> The submission has been rejected for one or more of the following reasons: the appeal does not include the signature of the trial judge; the submission does not include a copy of the decision that you are appealing; and/or you have neither paid the filing fee nor filed a motion to waive the filing fee supported by an affidavit of assets and liabilities.  You may refile with all of the required documents and information.  If you refile after your deadline has passed, you must also submit a motion for late entry. . . .

Doc. No. 1-2 at 3.[2]

Upon receiving that rejection notice, Plaintiff filed this lawsuit, claiming that the rejection notice: violated his right of access to the courts under the First and Fourteenth Amendments; violated his Fourteenth Amendment right to substantive due process; and manifested Defendants' conspiracy with the prosecutor to subject Bryan to a retrial that violates his double jeopardy rights. Construed liberally as asserting claims under 42 U.S.C. § 1983, Bryan's Complaint asserting those claims seeks damages, declaratory relief, and this court's orders: (1) directing Defendants to docket his appeal, and (2) enjoining the Traffic Stop Case while his appeal is before the NHSC, until the completion of appellate review.

---

[2] New Hampshire Superior Court Rule 46(a) states, in pertinent part, that parties seeking to file an interlocutory appeal from a ruling shall "file with the trial court the interlocutory appeal statement . . . pursuant to Supreme Court Rule 8," to obtain the Superior Court's signature.  New Hampshire Supreme Court Rule 8(1) requires, among other things, that the interlocutory appeal statement "include the signature of the lower court transferring the question."  Tothill v. Est. of Warren Ctr., 152 N.H. 389, 393, 877 A.2d 213, 217 (2005) (citing N.H. Sup. Ct. R. 8(1)(e)).  Plaintiff does not allege that his submission rejected on May 5 included an interlocutory appeal statement signed by the Superior Court, and the Superior Court's Case Summary showing docket entries for his criminal case does not include any record of a signed interlocutory appeal statement preceding that date.

DISCUSSION

**I.    <u>Access to Courts</u>**

"Plaintiffs with nonfrivolous legal claims have a constitutional right to access the courts to bring those claims."    Jackson v. City of Cleveland, 64 F.4th 736, 746 (6th Cir. 2023) (citing Christopher v. Harbury, 536 U.S. 403, 414-15 & n.12 (2002)).  In a "forward-looking" access-to-the-courts claim such as that asserted by Bryan, Plaintiff must plead facts to establish that Defendants are presently barring him from obtaining meaningful judicial review of a "non-frivolous, arguable" claim. Christopher, 536 U.S. at 415 ("the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation"); Broudy v. Mather, 460 F.3d 106, 121 (D.C. Cir. 2006) (describing required elements of access-to-courts claims as including a showing of "an arguable underlying claim and present foreclosure of a meaningful opportunity to pursue that claim").

To satisfy the pleading requirement of showing Defendants' complete foreclosure of a meaningful opportunity for judicial review,[3] Plaintiff must show that Defendants barred the courthouse doors, and that he lacked any pathway around the alleged barrier.  If Plaintiff retains an opportunity to "meaningfully press his underlying claims," Plaintiff has not demonstrated present denial of an opportunity to meaningfully litigate, for purposes of stating an access to the courts claim.  Broudy, 460 F.3d at 121.  For example, in <u>Broudy</u>, where military veterans asserted access-to-courts claims to compel a federal agency to release medical records which they alleged they needed to litigate their veterans benefits claims, the veterans failed to show that they could not

---

[3] This court expresses no opinion as to whether Plaintiff's double jeopardy claims are arguable and non-frivolous.

4

obtain the same documents through separate Freedom of Information Act ("FOIA") proceedings. Id. at 122. That deficiency in their pleadings was "fatal to their forward-looking [access-to-the-courts] claims." Id. at 123 ("Because plaintiffs can still seek, through FOIA, the documents they believe they need to meaningfully pursue their benefits claims, they cannot show that their opportunity to meaningfully litigate has been 'completely foreclosed,' or that the defendants' actions 'presently den[ied] [the plaintiffs] an opportunity to litigate." (citations omitted)),

Here, Bryan claims that the rejection of his Rule 8 interlocutory appeal foreclosed NHSC review of his double jeopardy claim and continues to expose him to the harm of being retried after a prior conviction. The rejection notice Bryan received, however, notes that Bryan could refile his interlocutory appeal if he includes all of the required documents. Moreover, "The [NHSC's] refusal to accept an interlocutory appeal shall be without prejudice to any challenge to the trial court's order or ruling in a subsequent appeal pursuant to Rule 7." NHSC R.8(4). And a Rule 11 petition for the NHSC's exercise of its original jurisdiction may provide a pathway for Bryan to bring his double jeopardy claims before the NHSC. See, e.g., In re Mello, 145 N.H. 358, 360, 761 A.2d 506, 508 (2000) (considering double jeopardy claims in context of Rule 11 petition). As each of those other procedures remain available to Plaintiff to obtain NHSC review of his double jeopardy claims, he cannot show that the rejection notice violated his right of access to the courts. Accordingly, the district judge should dismiss Bryan's access-to-the-courts claims here.

## II.   **Substantive Due Process**

"To adequately plead a substantive due process claim," a plaintiff challenging acts performed by government agents must allege facts sufficient to show an "'abuse of government power that shocks the conscience.'" 3137, LLC v. Town of Harwich, 126 F.4th 1, 11 (1st Cir. 2025) (citations omitted) (applying that standard to executive action); Khrapko v. Splain, 389 F.

Supp. 3d 199, 204 (W.D.N.Y. 2019) (applying shock-the-conscience test to claims challenging acts of court attorney, court judicial referee, and court clerk in divorce proceeding).

Bryan claims here that Defendants charged with managing the court's docket, failed to docket his interlocutory appeal, thereby preventing him from engaging the NHSC to review his double jeopardy claim and enabling further proceedings in what he perceives to be an unlawful Superior Court prosecution.  Plaintiff, however, received the pertinent rejection notice a day after the Superior Court denied his motion to dismiss, within a day of his attempt to file an interlocutory appeal of that ruling, and more than a month before the scheduled trial.  Plaintiff is not barred from seeking NHSC review of his double jeopardy claims in a Rule 11 petition for original jurisdiction, in a resubmitted Rule 8 interlocutory appeal, or in a Rule 7 mandatory appeal at the end of his Superior Court case.  Nothing pleaded by Bryan comes close to demonstrating conscience-shocking conduct on the part of Defendants.  Accordingly, the district judge should dismiss the substantive due process claims asserted in this case.

## III.    Conspiracy

> A civil rights conspiracy under section 1983 is "commonly defined [as] 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages.'"  To establish a civil rights conspiracy, a plaintiff must show "not only a conspiratorial agreement but also an actual abridgment of some federally-secured right."

Sanchez v. Foley, 972 F.3d 1, 11 (1st Cir. 2020) (citations omitted).

> To establish the first element of a section 1983 conspiracy -- an agreement among the members of the conspiracy -- the plaintiff must prove either the existence of a "single plan[,] the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences," or "[a]t the least" that "the parties decide[d] to act interdependently, each actor deciding to act only because he was aware that the others would act similarly."

6

Id. at 12 (citations omitted).  "[C]onclusory or speculative allegations about an agreement are insufficient to state a conspiracy claim."  Brady v. Mosca, 707 F. Supp. 3d 154, 164 (D.N.H. 2023); see also Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980) (per curiam).

Plaintiff asserts that he is subject to a de novo retrial in his criminal case, which he moved to dismiss on the basis of a double jeopardy claim.  The prosecutor assigned to that case from the Merrimack County Attorney's Office objected to that motion on behalf of the State; and the Superior Court denied the motion to dismiss, citing the reasons in the State's Objection.  The next day, Bryan prepared and submitted a pro se interlocutory appeal for e-filing in the NHSC, and he received a notice of rejection of his e-filing submission, noting deficiencies, and stating he could refile with all of the required information.  Stripped of legal conclusions and speculation, Plaintiff's allegations fail to suggest the existence of any common plan, interdependent action, or conspiratorial agreement between the prosecutor in the Superior Court case and Defendants in the NHSC Clerk's Office to violate Plaintiff's rights.  The pleadings thus fail to state a civil rights conspiracy claim upon which relief can be granted.  Accordingly, the district judge should dismiss that claim here.

IV.     **State Law Claims**

To the extent Plaintiff asserts any state law claims in this case, the district judge should decline to exercise supplemental jurisdiction over those claims, as all of Bryan's federal claims should be dismissed for reasons stated above.[4]  See 28 U.S.C. § 1367(c)(3).

---

[4]As dismissal of Plaintiff's Complaint is appropriate for all of the reasons stated above, this court expresses no opinion on whether the Eleventh Amendment, the doctrine of absolute judicial immunity, and the Younger abstention doctrine, see Younger v. Harris, 401 U.S. 37 (1971), may provide additional, separate, and independent bases for dismissing some or all of Plaintiff's claims for relief.

## CONCLUSION

For the foregoing reasons, the district judge should dismiss Bryan's Complaint in its entirety.  The clerk's office may then enter judgment and close this case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

May 27, 2026

cc:   Naseef Fernando Bryan, pro se

8